IN THE DISTRICT COURT OF THE UNITED STATES

FOR THE DISTRICT OF SOUTH CAROLINA

GREENVILLE DIVISION

| | |
|---|---|
| Richard Henderson, ) <br> ) <br> Plaintiff, ) <br> ) <br> vs. ) <br> ) <br> Carolyn W. Colvin, Acting ) <br> Commissioner of Social Security,[1] ) <br> ) <br> Defendant. ) <br> ) | Civil Action No. 6:13-3480-JMC-KFM <br><br> **REPORT OF MAGISTRATE JUDGE** |

This case is before the court for a report and recommendation pursuant to Local Civil Rule 73.02(B)(2)(a) DSC, concerning the disposition of Social Security cases in this District, and Title 28, United States Code, Section 636(b)(1)(B).[2]

The plaintiff brought this action pursuant to Sections 205(g) and 1631(c)(3) of the Social Security Act, as amended (42 U.S.C. 405(g) and 1383(c)(3)), to obtain judicial review of a final decision of the Commissioner of Social Security denying his claims for disability insurance benefits and supplemental security income benefits under Titles II and XVI of the Social Security Act.

---

[1] Carolyn W. Colvin became the Acting Commissioner of the Social Security Administration on February 14, 2013. Pursuant to Fed.R.Civ.P. 25(d), Colvin should be substituted for Michael J. Astrue as the defendant in this case.

[2] A report and recommendation is being filed in this case, in which one or both parties declined to consent to disposition by the magistrate judge.

On June 26, 2014, the plaintiff, who is represented by counsel, filed a motion to dismiss this case *with prejudice* pursuant to Federal Rule of Civil Procedure 41.[3] The Commissioner does not object (*see* doc. 15).

Wherefore, based upon the foregoing, the undersigned recommends that the plaintiff's motion to dismiss (doc. 14) *with prejudice* be granted.

IT IS SO RECOMMENDED.

s/Kevin F. McDonald
United States Magistrate Judge

August 7, 2014
Greenville, South Carolina

---

[3]The plaintiff asked that the case be dismissed pursuant to Rule 41(a)(1)(A)(ii), which provides that a case may be dismissed without a court order when a stipulation of dismissal signed by all parties is submitted. No such stipulation of dismissal was provided by the plaintiff. Further, as the motion was made after the Commissioner filed an answer, dismissal without a court order pursuant to Rule 41(a)(1)(A)(i) is not appropriate. Therefore, any voluntary dismissal must be by court order pursuant to Rule 41(a)(2).

2